IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 7:24-634 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| v. | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| EVANS RUBENS APPIAH | ) | INDICTMENT |

1. That beginning on or about September 13, 2022, and continuing until in or about October 2022 in the District of South Carolina and elsewhere, the Defendant, EVANS RUBENS APPIAH, and others both known and unknown to the Grand Jury, aiding and abetting each other, did knowingly devise a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, such scheme and artifice and such wire communications being more fully set forth below.

## THE SCHEME AND ARTIFICE

2. It was a part of the scheme and artifice to defraud that the Defendant, EVANS RUBENS APPIAH, in July 2022 opened account number XXXX-8911 at Bank of America.

3. It was a part of the scheme and artifice that via a fraudulent email Victim One, who was preparing to close on a house, received instructions to deposit the down payment into account number XXXX-8911.

4. It was part of the scheme and artifice to defraud that Victim One did make the deposit and over the next several days the Defendant, EVANS RUBENS APPIAH, withdrew and

used Victim One's money.

5. The Defendant, EVANS RUBENS APPIAH, succeeded, through fraud and deceit, in obtaining approximately $75,726.74 from Victim One.

## COUNT 1

THE GRAND JURY CHARGES:

6. The allegations of paragraphs 1 through 5 of this indictment are alleged herein as setting forth a scheme and artifice to defraud.

7. On or about the date reflected below, in the District of South Carolina and elsewhere, the Defendant, EVANS RUBENS APPIAH, and others both known and unknown to the Grand Jury, aiding and abetting each other, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as described above, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, writings, and sounds, that is funds transfers and related documents as further set forth below:

| Count | Date | Description |
|---|---|---|
| 1 | 9/14/2022 | A $75,726.74 from Victim One's Wells Fargo account to Defendant's Bank of America account. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

# FORFEITURE

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, EVANS RUBENS APPIAH, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to such offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offense charged in this Indictment includes, but is not limited to, the following:

> Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offense charged in this Indictment, that is, a minimum of $75,726.74 and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to his violation of 18 U.S.C. § 1343.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or

3

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A __True__ Bill



FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
William J. Watkins, Jr. (Fed. ID # 07863)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: bill.watkins@usdoj.gov